UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VANYA ARCUSA, on her own behalf and others similarly situated,,

             Plaintiff,

vs.                                                      Case No.  3:07-cv-712-J-33TEM

LISA COPLAN-GARDER, P.A., a Florida Corporation, ,

             Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Vanya Arcusa's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction (Doc. #7), filed on October 4, 2007.  Defendant, Lisa Coplan-Garder, P.A., filed a Response (Doc. # 9) on October 12, 2007.  For the reasons below, the motion is denied.

**I.     BACKGROUND & THE PARTIES' ARGUMENTS**

Arcusa filed her two count Complaint against the Coplan Firm, claiming that she was denied overtime pay and fired in retaliation for complaining about the Firm's alleged practice of failing to pay overtime wages.  (Doc. #1.)  Arcusa's claims were brought under the Fair Labor Standards Act, 29 U.S.C. §§ 215(a)(3), 216(b).  The Firm answered and brought a counterclaim for conversion.  (Doc. #6 at10.)  The conversion counterclaim alleges that "Arcusa was repeatedly truant and absent from work," and that she used the firm's resources to further her own personal commercial enterprises.  (Id.)  The Firm claims that it was because of these wrongful acts that Arcusa's employment was terminated.  (Id. at 11.)

Arcusa filed her Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction. Arcusa argues that the Firm's counterclaim only alleges a state law claim for conversion, and therefore, this Court only has supplemental jurisdiction over that claim. Arcusa contends that the counterclaim is only permissive since the facts needed to support the conversion claim are distinct from the facts needed to support Arcusa's FLSA claims. Specifically, Arcusa argues that "whether [the Firm] failed to pay [Arcusa] unpaid overtime and retaliated against [Arcusa], has no relation, whatsoever, to whether [Arcusa] purportedly used and exploited [the Firm's] resources to further her own commercial enterprises." (Doc. #7 at 2.)

The Firm filed a response, arguing that their counterclaim is compulsory. The Firm counters that the "counterclaim arises out of the transaction or occurrence that is the subject matter of [Arcusa's] claim because the accuracy of [the Firm's] time records must be addressed under [Arcusa's] claim and [the Firm's] counterclaim." (Doc. #9 at 2.) The Firm contends that in the time which Arcusa claims she was working overtime, Arcusa was not doing work, but instead using the time for her own commercial enterprises. (Id. at 3.) Therefore, since there is a logical relationship between the two claims, the Firm's claim is compulsory and should not be dismissed.

## II.     ANALYSIS

The Firm's counterclaim for conversion comes under state law, and therefore this Court has no independent federal jurisdiction to hear this claim. However, the Court has supplemental jurisdiction over claims that are sufficiently related to Arcusa's original claims "that they form part of the same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a). In other words, the Court has supplemental jurisdiction over compulsory counterclaims. Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1359 (5th Cir. 1979). "In order to have supplemental jurisdiction over

the state law claims, it must be shown that the state law claims are compulsory, rather than permissive." Mercer v. Palm Harbor Homes, Inc., No. 8:05-cv-1435, 2005 WL 3019302, at *1 (M.D. Fla. Nov. 10, 2005) (internal quotation marks omitted). Thus, the question is whether the Firm's counterclaim is compulsory or permissive.

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a). In determining whether a counterclaim is compulsory, courts in the Eleventh Circuit apply the "logical relationship" test. Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985) (citing United States v. Aronson, 617 F.2d 119, 121 (5th Cir. 1980). Under this test, "a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 714 (5th Cir. 1970) "[T]here is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Republic Health Corp., 755 F.2d at 1455 (internal quotation marks omitted); see also Olufemi v. Your Care Clinics, LLC, No. 8:05-cv-1798, 2006 U.S. Dist. LEXIS 6599, at *6-7 (M.D. Fla. Feb. 3, 2006);("The logical relationship test asks whether a counterclaim arises from the same aggregate of operative facts in that the same facts serve as the basis of both claims.").

In this case, Arcusa claims that she was denied overtime pay for hours she worked at the Firm, and that she was fired in retaliation for complaining of these alleged practices. The Firm counters that during these alleged overtime hours, Arcusa was in fact working on her own personal

commercial enterprises and that she converted Firm property in these endeavors. Thus, the Firm's reason for denying any overtime pay, and for terminating Arcusa's employment, was due to the alleged conversion. Therefore, the Court finds that the Firm's conversion counterclaim is logically related to Arcusa's FLSA claims, and the counterclaim in compulsory.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Vanya Arcusa's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction (Doc. #7) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 15th day of November, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record