UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VANYA ARCUSA, on her own behalf and
on behalf of others similarly
situated,

                Plaintiffs,
v.                                Case No.   3:07-cv-712-J-33TEM

LISA COPLAN-GARDNER, P.A.,

                Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the Mediation Report (Doc. # 23) filed by the mediator on March 27, 2008.  The report indicates that the Court-ordered mediation was held on February 25, 2008, and that the parties reached a "complete resolution of all claims."

As Plaintiff seeks relief under the Fair Labor Standards Act in her complaint, additional information is needed before this Court can dispose of this case.[1]

**Background**

Plaintiff, a paralegal, filed her complaint against Defendant, her former employer, on August 6, 2007 (Doc. # 1) alleging, inter

---

[1] Although Plaintiff filed this case "on her own behalf and on behalf of others similarly situated" the record does not reflect that this case is a class action suit pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Rule 4.04, M.D. Fla., which contain detailed requirements for the maintenance of a class action suit.

alia that "Defendant failed to comply with 29 U.S.C. § 201-209, because Plaintiff . . . performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff . . . for all hours worked in excess of forty (40) within a work week." (Doc. # 1 at ¶ 6).  Accordingly, Count I of Plaintiff's complaint seeks recovery of overtime compensation.  Further, Plaintiff asserts a retaliation claim in Count II of her complaint asserting, "In approximately June 2007, Defendant fired Plaintiff because she complained about Defendant's practice of failing to pay proper overtime wages." (Doc. # 1 at ¶ 15).   Plaintiff contends, "Defendant's unlawful discharge of Plaintiff is discrimination and retaliation against Plaintiff in violation of 29 U.S.C. § 215(a)(3)." (Doc. # 1 at ¶ 17).

On September 12, 2007, Defendant filed its answer and affirmative defenses. (Doc. # 6).

### **Analysis**

The Eleventh Circuit ruled in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982) that "Congress made the FLSA's terms mandatory; thus, the provisions are not subject to negotiations or bargaining between employers and employees.  FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative policies it was designed to effectuate." (Internal citations omitted).

In Lynn's Food Store, the employer sought judicial approval of private agreements it entered into with its employees to settle FLSA violations.  Pursuant to the settlement agreements, the employees waived their rights to file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed.  Specifically, the employer offered only $1,000.00 to be divided between fourteen employees. The employees were not represented by counsel, and it was clear that the employees were not fairly compensated.  Concerned about the unequal bargaining power between employers and employees, the Eleventh Circuit ruled that the agreements could not be approved absent supervision of the Department of Labor or a stipulated judgment entered by a court which has determined that the settlement is a fair and reasonable resolution of the FLSA claims. (Citations omitted).

Thus, a compromise of an employee's FLSA rights through a settlement of a lawsuit is subject to judicial scrutiny. Id. However, as stated in Su v. Electronic Arts, Inc., 6:05-cv-131-Orl-28JGG, 2007 U.S. Dist. LEXIS 72961 (Aug. 29, 2007 M.D. Fla.), "Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." (Citing Mackenzie v. Kindred Hosps. E., LLC., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

The parties have yet to advise this Court of the terms of the

settlement of this case, including whether Plaintiff was fully compensated for her hours worked. Accordingly, within twenty (20) days of the date of this Order, the parties shall file a motion for approval of the settlement of this case consistent with the authorities outlined above.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

The parties are directed to file a motion for court approval of the settlement of this Fair Labor Standards Act case within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 28th day of March, 2008.

                                                       _____
                                                       VIRGINIA M. HERNANDEZ COVINGTON
                                                       UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record

Mediator David Sacks, Esq.
1017 La Salle Street
Jacksonville, Florida 32207